UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAM GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.  3:02-CV-182 RM |
| v. ) | |
| ) | |
| SGT. DONNA REED, *et al.* ) | |
| ) | |
| Defendants. ) | |

*REPORT AND RECOMMENDATION*

Sam Graham, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, alleging that Sgt. Donna Reed, Sgt. Biddle, and Sgt. Daily violated his right to be free from cruel and unusual punishment when they failed to provide him with underwear for a ten month period. The defendant moved for summary judgment and the plaintiff has responded. It is recommended that the motion for summary judgement be granted.

The facts in this case are undisputed. Mr. Graham arrived at the Miami Correctional Facility on March 17, 2000. Once he arrived, his clothing was confiscated and he was issued 5 white T-shirts, 6 pairs of socks, 3 khaki shirts, 3 khaki pants, and 2 laundry bags. He was not issued underwear at that time because they were not available. (Docket #56, pt. 3.) In April of 2000, Mr. Graham began to inquire as to when he would receive underwear. Mr. Graham alleges that on May 30, 2000 he requested health care for a skin irritation which he believed was a result of not having underwear. Mr. Graham received treatment and

medication for his skin irritation and was finally issued underwear on January 5, 2001.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *See Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-323 (1986).

The defendant contends that Mr. Graham's failure to receive underwear does not satisfy the objective requirement necessary to establish an Eighth Amendment violation relating to Mr. Graham's conditions of confinement. Mr. Graham argues that the failure to provide underwear and its effects rise to the level of a violation of the Eighth Amendment's prohibiting of cruel and unusual punishment.  This court disagrees.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the deprivation is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's

2

necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). The Supreme Court has held that,

> Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," Rhodes, supra, 452 U.S., at 347, 101 S.Ct., at 2399,"only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, supra, 501 U.S., at 298, 111 S.Ct., at 2324 (quoting Rhodes, supra, 452 U.S., at 347, 101 S.Ct., at 2399) (citation omitted).

Hudson v. McMillian 503 U.S. 1, 9 (1992). In French v. Owens, 777 F.2d 1250, 1252 (7th Cir. 1985) the Seventh Circuit held that whether there have been a serious deprivation of basic human needs is determined by examining the totality of conditions of confinement.

Mr. Graham has not met the first part of the Farmer test. Here, for reasons not known to the court, Mr. Graham was not given underwear for approximately 10 months. However, he does not dispute that he was given at least 3 complete sets of clothing and the opportunity to launder that clothing.  Nor does Mr. Graham allege that he was denied any other item, or that he was denied access to showers and towels.  Mr. Graham simply argues that he was harmed by the defendants' failure to provide him underwear.

The Supreme Court held, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian 503 U.S. 1, 9 (1992). Mr. Graham was not deprived of clothing, food, medical care, sanitation, or

3

physical safety. See Farmer v. Brennan  511 U.S. 825, 832 (1994).  After examining the totality of the conditions of his confinement, Mr. Graham's lack of underwear for a 10 month period does not rise to the level of an extreme deprivation that deprived him of the minimal civilized measure of life's necessities. To be sure, underwear is a very desirable layer of clothing, and the absence of underwear can be very uncomfortable.  However, this court is not prepared to declare that the failure to provide underwear is so serious, or such an extreme deprivation as to constitute an Eighth Amendment violation.

However, even if the plaintiff could meet the first prong of the Farmer test, he has not met the second prong.  He has not established that the defendants were deliberately indifferent to a substantial risk of harm due to a deprivation when they failed to provide him with underwear. Mr. Graham argues that due to the failure of the defendants to provide underwear, he sustained an injury. Specifically, he alleges he suffered a skin irritation as a result of not having underwear and was medically treated for the injury. The defendants argue that plaintiff's skin condition isn't a significant injury which would give right to an Eighth Amendment claim. This court agrees.  There is no evidence that Mr. Graham suffered anything more than discomfort due to the temporary skin condition.  Simply put, plaintiff's skin irritation isn't a significant injury.

4

Neither the absence of underwear nor the skin irritation that may have resulted is sufficient to constitute a violation of the Eighth Amendment. Indeed plaintiff's claims are not merely legally deficient, they are frivolous and trivialize the true interests the Eighth Amendment protects. For these reasons, it is recommended that the motion for summary judgment (docket # 55) be GRANTED.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. See Thomas v. Arn, 474 U.S. 140 (1985); Lerro v. Quaker Oats Co., 84 F.3d 239 (7th Cir. 1996).**

SO ORDERED.

Dated this 31st day of January, 2006.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge